**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 16 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

STEPHANIE RACHELLE
HAMPTON,

Plaintiff-Appellant,

v.

CATHY KEATING; LARRY FIELDS;
DOMINION VENTURE
CORPORATION OF AMERICA;
DEBORAH GRAUMAN, Medical
Director; CORRECTIONS
CORPORATION OF AMERICA;
CENTRAL OKLAHOMA
CORRECTIONAL FACILITY;
HOWARD RAY, Warden; BARBARA
LANGTHORNE, Physician's
Assistant; VIVIAN VIERA,

Defendants-Appellees.

No. 02-6168
(D.C. No. 00-CV-2061-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **HARTZ** , and **O'BRIEN** , Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff, proceeding pro se, appeals the district court's judgment in favor of multiple defendants on her action brought under 42 U.S.C. § 1983. She claimed that she received constitutionally inadequate medical treatment while a state prisoner at the Central Oklahoma Correctional Facility (COCF), i.e., that the medical staff displayed deliberate indifference to her need for treatment, specifically recurrent ear infections which resulted in loss of hearing in one ear. She further contended that despite repeated requests for treatment, the care that was provided was inadequate.

The magistrate judge to whom the case was initially assigned recused himself after issuing a report and recommendation. The cause was reassigned to a new magistrate judge who then issued a supplemental report and recommendation, which the district court ultimately adopted. We affirm.

The magistrate judge recommended dismissal of defendants Keating and Corrections Corporation of America for failure to effect service of process under Fed. R. Civ. P. 4(m). On appeal plaintiff recites that she has no objection to this ruling, Aplt. Br. at 5, and we will not consider it further. As to the balance of the

defendants, the district court accepted the magistrate judge's recommendation that summary judgment be granted.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriately granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Defendants Grauman, Langthorne, and Viera filed a motion to dismiss/summary judgment, [1] attached to which was a comprehensive report that reviewed in detail plaintiff's medical record. Defendants Fields, COCF, and Dominion Venture Corporation also moved for summary judgment on various grounds.

It is clear from the medical record that plaintiff sought and received treatment for recurrent otis externa (inflamation of the external canal) from shortly after her arrival at COCF through the date of the report. Plaintiff was seen and treated many times, even though the records reflect that she repeatedly

---

[1] Defendant Ray moved separately for the same relief.

missed appointments and occasionally left before being seen by medical personnel. She also was noncompliant with regard to certain treatments and was finally admitted to the infirmary to promote compliance with her treatment and healing, in order to resolve her infection. At that point she improved significantly. Plaintiff has continued to be seen and treated by medical personnel.

Plaintiff filed several responses arguing that she had met the requirements of *Estelle v. Gamble*, 429 U.S. 97 (1976), i.e., deliberate indifference to a serious medical need. She recited as "uncontroverted" the facts that she has suffered some hearing loss while at COCF and that certain defendants were responsible for her medical care. She further suggested that a rational trier of fact could believe that her medical records might have been altered or their authenticity questioned.

The magistrate judge carefully considered plaintiff's claims along with the extensive medical records submitted by defendants, recognizing that there was no factual dispute as to the number of times she received medical treatment but only plaintiff's complaints about the *type* of treatment received. He determined that plaintiff had failed to establish defendants disregarded a substantial risk of harm to her "by failing to take reasonable measures to abate it." R. Doc. 66 at 13. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1995). He accordingly recommended granting summary judgment to defendants.

Plaintiff filed an objection alleging that the magistrate judge had improperly decided material issues of fact and construed the *Martinez* report as expert testimony without allowing her to controvert the records with meaningful expert medical testimony of her own. Upon de novo review, the district court adopted the magistrate judge's report and recommendation and entered judgment for defendants.

On appeal plaintiff raises three arguments: (1) the district court erroneously relied on medical records it knew were tainted; (2) the court abused its discretion in denying plaintiff's motion for appointment of counsel; and (3) the court's ruling constituted an "unreasonable application of the 'deliberate indifference' standard." Aplt. Br. at 9. She also asks this court to consider applying a standard other than *Estelle v. Gamble*, which we decline to do. Aplt. Br. at 10.

First, she argues that the district court erred in relying on her medical records, which she claims are not "authentic." *Id.* at 12. The reason she contends these records lack authenticity is that they disappeared for several days. She acknowledges that she was accused of stealing her medical file, although she claims that it was located in an inmate housing unit "though not in [p]laintiff's possession." *Id.* at 13 n.1. She does not, however, dispute the fact that the prison misconduct report states that she admitted taking the file because she needed it

for her lawsuit. R. Doc. 50, ex. A. Nor, in fact, does she deny borrowing the file. Most importantly, however, she does not specify how the brief disappearance of her file compromised the accuracy of the number of times she was treated. This issue is without merit.

Next she contends that the district court abused its discretion in denying her motion for appointment of counsel. We disagree. Even though plaintiff was proceeding pro se, she more than adequately presented her arguments for consideration by the district court. She has failed to establish abuse of discretion in the denial of appointed counsel.

Finally, she contends that the district court's application of the deliberate-indifference standard was "grossly unreasonable." Aplt. Br. at 33. We disagree. There is no question that plaintiff suffered a serious medical condition. But there is also no question that the defendants provided numerous medical evaluations and treatments in an effort to resolve her problems. Moreover, " *Estelle* establishes that deliberate indifference entails something more than mere negligence." *Farmer*, 511 U.S. at 835. Plaintiff's factual allegations fall far short of the *Estelle* standard.

Accordingly, for these and substantially the reasons set forth by the magistrate judge in his Supplemental Report and Recommendation of February 5,

2002, as adopted by the district court's order of May 7, 2002, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Plaintiff's motion to proceed without prepayment of costs and fees is granted. She is reminded that she remains obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Harris L Hartz
Circuit Judge